# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 95-50795

---

HARLAN D. VANDER ZEE,

Plaintiff-Appellant,

versus

STONE OAK BANKSHARES, INC., ET AL.

Defendants-Appellees.

---

Appeal from the United States District Court
for the Western District of Texas
(93-CV-184)

---

May 19, 1997

Before  DUHÉ, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Harlan D. Vander Zee ("Vander Zee") filed suit against  Stone Oak Bankshares, Inc. and

Stone Oak National Bank ("Stone Oak"), and their liability carrier, Fidelity & Deposit Co. of

Maryland ("F & D"), for various claims including breach of contract, conspiracy and intentional

infliction of emotional distress related to Vander Zee's indictment on money laundering charges while

he was employed as an executive vice-president of Stone Oak National Bank in San Antonio, Texas.

Among the claims Vander Zee asserted, were claims that Stone Oak breached an oral contract by not

rehiring him after the money laundering litigation was over, and that Stone Oak breached a contract

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

to pay his criminal attorney's fees incurred defending the money laundering charges. Before the case was submitted to the jury, the district court granted Stone Oak's and F & D's motion for summary judgment and motion for directed verdict, dismissing the conspiracy claims and intentional infliction of emotional distress claims. The breach of contract claims were submitted to a jury, which found that Stone Oak had breached contractual promises to Vander Zee and proximately caused him $293,750 in damages. Stone Oak moved for a judgment N.O.V.[1] The court granted the motion in part, entering a take-nothing verdict on Vander Zee's re-employment claim and his claim for attorney's fees in bringing this action. The court awarded Vander Zee $43,750 in breach of contract damages on his criminal attorney's fees claim, plus pre-judgment and post-judgment interest.

On appeal, Vander Zee makes several arguments, some of which are not relevant to this appeal. The issues pertinent to this appeal are Vander Zee's claims that the district court erred in granting summary judgment and a directed verdict on the conspiracy and intentional infliction of emotional distress claims, and erred in entering a judgment N.O.V. on the contract claims. After carefully reviewing the briefs and the record, we affirm for the reasons stated by the district court in its memorandum order. See Vander Zee v. Stone Oak National Bank, et al., No. A-94-CA-020-SS (W.D.Tex. Oct. 5, 1995).

AFFIRMED.

---

[1]The Court is aware that pursuant to a 1991 amendment, a judgment N.O.V. is now renamed as a judgment as a matter of law, but for purposes of consistency we utilize the terms used by the parties. See Fed.R.Civ.P. 50.